761 P.2d 1060

**Joe WEBSTER, Plaintiff/Appellant,**

**v.**

**Diane CULBERTSON and Rebecca Klug, Defendants/Appellees.**

**No. 2 CA–CV 5831.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 26, 1986.

As Amended Jan. 16, 1987.

Glicksman & Awerkamp, P.C. by Elliot Glicksman, Tucson, for plaintiff/appellant.

Rubin & Cronin by Robert S. Cronin, Jr., Phoenix, for defendants/appellees.

## OPINION

LACAGNINA, Judge.

Joe Webster, an injured horseback rider, appeals from an adverse summary judgment in favor of Diane Culbertson and Rebecca Klug, joint property owners (Culbertson), deciding the undisputed material facts did not raise a triable issue and that he had no claim as a matter of law. After reviewing the evidence in the light most favorable to Webster, we agree with the trial court and affirm.

The material facts not in dispute which support the judgment are:

1. Webster was an adult trespasser running his horse in a wash.

2. Culbertson's property is in a rural area and consisted of five fenced acres.

3. In 1977 she obtained a county permit and erected a four-strand barbed wire fence on her property, including a portion which contained a desert wash.

4. The barbed wire which crosses the wash was erected as part of a fencing project which enclosed the five acres owned by Culbertson using both field fence and barbed wire.

5. The fence was erected to prevent the use of private property by unauthorized persons.

6. Webster was injured in daylight when his running horse collided with the barbed wire fence.

7. The barbed wire fence is difficult to see because of its age and color, which blends into the natural desert terrain unless one is within 10 feet of the fence.

8. When first constructed, pieces of foil or cloth were attached to some of the wire strands, but they had not been maintained and were nonexistent in May, 1984.

9. Prior to Webster's accident, neither Culbertson nor her neighbors had any knowledge of accidents, injuries or complaints associated with the erection and maintenance of the wire fence, and there was no evidence that any had occurred.

Summary judgment is appropriate in a negligence case when the record demonstrates no material issues of fact and the moving party is entitled to judgment as a matter of law. *Jabczenski v. Southern Pacific Memorial Hospital,* 119 Ariz. 15, 579 P.2d 53 (1978); *Church of Jesus Christ of Latter Day Saints v. Superior Court,*

**158**

148 Ariz. 261, 714 P.2d 431 (App.1985). A landowner's duty to a trespasser is to not wilfully or wantonly injure him. *Payne v. M. Greenberg Construction,* 130 Ariz. 338, 636 P.2d 116 (App.1981). There is no evidence that Culbertson erected and maintained a lawful fence so as to wilfully and wantonly injure Webster. A landowner is not liable to trespassers for physical harm caused by the landowner's failure to exercise reasonable care to maintain his land in a reasonably safe condition. Restatement (Second) of Torts § 333 (1965); *Barnhizer v. Paradise Valley Unified School District,* 123 Ariz. 253, 599 P.2d 209 (1979); *Church of Jesus Christ of Latter Day Saints v. Superior Court, supra.*

■ Webster argues that §§ 335 and 337 of the Restatement (Second) of Torts provide for exceptions to a landowner's duty to trespassers and that the facts in his case fall within the exceptions.[1] We disagree and hold that §§ 335 and 337 are inapplicable to the facts of this case for three reasons. First, the lawful erection of a four-strand barbed wire fence does not charge one with knowledge that it is likely to cause death or serious bodily harm. Second, the use of barbed wire fences does not create highly dangerous artificial conditions. They exist throughout rural Arizona, in and across washes, and are commonly encountered by trespassers. Third, there is no evidence that Culbertson knew that horseback riders frequently ran their horses down the wash toward her fence.

In addition, comment (a) of the Restatement § 337 limits applicability to those situations where the landowner has actual knowledge that a trespasser is about to come in contact with a highly dangerous artificial condition maintained by him on his property. There is a complete absence of any evidence of knowledge by Culbertson that Webster or anyone else was running his horse down the wash toward her fence. *Payne v. Greenberg Construction, supra.*

■ The age and color of the fence made it difficult to see against the desert terrain, and Webster claims Culbertson should have maintained the foil or cloth originally attached to the fence or otherwise warned him of its presence. At best, this could prove a lack of ordinary or reasonable care by Culbertson which imposes no liability to trespassers.

AFFIRMED.

LIVERMORE, P.J., and HOWARD, J., concur.

---

1. § 335. Artificial Conditions Highly Dangerous to Constant Trespassers on Limited Area

   A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of the land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if
   
   (a) the condition ·
   (i) is one which the possessor has created or maintains and
   (ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and
   (iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and

   (b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.
   § 337. Artificial Conditions Highly Dangerous to Known Trespassers
   A possessor of land who maintains on the land an artificial condition which involves a risk of death or serious bodily harm to persons coming in contact with it, is subject to liability for bodily harm caused to trespassers by his failure to exercise reasonable care to warn them of the condition if
   (a) the possessor knows or has reason to know of their presence in dangerous proximity to the condition, and
   (b) the condition is of such a nature that he has reason to believe that the trespasser will not discover it or realize the risk involved.